Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Earl A. Hicks
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
Dec 14, 2021
SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

JONATHAN DANIEL D'AUTEUIL,

Defendant.

Case No: 2:21-CR-83-SMJ

Plea Agreement

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Earl A. Hicks, Assistant United States Attorney for the Eastern District of Washington, and Defendant, JONATHAN DANIEL D'AUTEUIL, and Defendant's attorney, Christina Wong, agree to the following Plea Agreement:

1. Guilty Pleas and Maximum Statutory Penalties:

Defendant, JONATHAN DANIEL D'AUTEUIL (hereinafter Defendant), agrees to plead guilty to Count 1 of the Indictment filed on June 15, 2021, charging Defendant with Manufacture of Counterfeit Currency, in violation of 18 U.S.C. § 471. Defendant understands that the maximum possible penalty for a violation of 18 U.S.C. § 471, is not more than twenty (20) years imprisonment; a fine not to exceed $250,000; a term of supervised release of not more than three (3) years; and a $100 special penalty assessment.

Defendant understands that a violation of a condition of supervised release carries an additional penalty of re-imprisonment for for all or part of the term of supervised release without credit for time previously served on post-release supervision. The maximum penalty for a violation of supervised release in this case is 2 years because Defendant is pleading to a Class C felony offense.

2. The Court is Not a Party to the Agreement:

The Court is not a party to this Plea Agreement and may accept or reject this Plea Agreement. Sentencing is a matter that is solely within the discretion of the Court. Defendant understands that the Court is under no obligation to accept any recommendations made by the United States and/or by Defendant; that the Court will obtain an independent report and sentencing recommendation from the U.S. Probation Office; and that the Court may, in its discretion, impose any sentence it deems appropriate up to the statutory maximums stated in this Plea Agreement.

Defendant acknowledges that no promises of any type have been made to him with respect to the sentence the Court will impose in this matter. Defendant understands that the Court is required to consider the applicable advisory sentencing guideline range, but may depart or vary upward or downward under the appropriate circumstances. Defendant also understands that the Court will consider the sentencing factors outlined in 18 U.S.C. § 3553(a) when determining an appropriate sentence.

3. Waiver of Constitutional Rights:

Defendant understands that by entering this plea of guilty Defendant is knowingly and voluntarily waiving certain constitutional rights, including:

(a). The right to a jury trial;

(b). The right to see, hear and question the witnesses;

(c). The right to remain silent at trial;

(d). The right to testify at trial; and

(e). The right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands he retains the right to be assisted through the sentencing and any direct appeal of the conviction and sentence by an attorney, who will be appointed at no cost if the Defendant cannot afford to hire an attorney. Defendant also acknowledges that any pretrial motions currently pending before the Court are waived.

4. Elements of the Offense:

The United States and Defendant agree that in order to convict Defendant of the charge in Count 1 in the Indictment filed on June 15, 2021, charging Defendant with Manufacture of Counterfeit Currency, in violation of 18 U.S.C. § 471, the United States would have to prove beyond a reasonable doubt the following elements:

*First*, on or about and between November 6, 2020, and December 4, 2020, in the Eastern District of Washington, Defendant made, forged, and counterfeited obligations of the United States, to wit; counterfeit Federal Reserve Notes; and, *Second*, Defendant acted with intent to defraud.

5. Factual Basis and Statement of Facts:

The parties stipulate and agree that the following facts, are accurate; that the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement. The parties further agree and stipulate that this factual basis is simply a summary to support the plea, it does not contain all facts which could be proven by the United States.

On November 6, 2020, there were 2 attempted passes of counterfeit currency at two (2) Zip Trip convenience store locations in Spokane, Washington. Defendant's silver Cadillac was involved in the passing of the counterfeit at both locations. This started an investigation of Defendant by the Spokane Police Department (hereinafter, SPD). The SPD contacted United States Secret Service. The SPD

obtained search warrants for Defendant's residence. The search warrants were executed on December 4, 2020, at Defendant's residence located in Spokane, WA.

During the search of the residence law enforcement located a counterfeiting manufacture plant. They located printers, ink, printing paper, parent bills, which were used to copy during the manufacturing process, and counterfeit United States Federal Reserve Notes and other items usually found where counterfeit is being made. Secret Service determined that there were approximately:

74 counterfeit $100 Federal Reserve Notes;

203 counterfeit $50 Federal Reserve Notes;

81counterfeit $20 Federal Reserve Notes;

162 counterfeit $10 Federal Reserve Notes;

94 counterfeit $5 Federal Reserve Notes; and

13 counterfeit $1 Federal Reserve Notes

that were bearing various serial numbers and considered passable by the Secret Service at the Defendant's apartment.

Earlier in the day Defendant was arrested on other matters. The vehicle he was driving was searched after his arrest. The SPD found 27 counterfeit $50 Federal Reserve Notes on Defendant's person and in the vehicle he was in. Three $50 genuine Federal Reserve Notes were also seized which were later determined to be parent notes based upon their serial numbers.

During a post-*Miranda* interview of Defendant, Defendant admitted he was manufacturing counterfeit currency and was using the counterfeit currency to buy controlled substances.

6. The United States Agrees:

(a). Dismissals:

At the time of sentencing, the United States agrees to move to dismiss with prejudice Count 2 of this Indictment (2:21-CR-83-SMJ), which charges Defendant with Possession of Counterfeit Currency in violation of 18 U.S.C. § 472.

The United States further agrees to dismiss with prejudice, at the time of sentencing, all counts of the Indictment filed on June 15, 2021, in Case number 2:21-CR-82-SMJ. The United States further agrees not to seek a waiver of the Department of Justice *Petite Policy* regarding all the charges in the Indictment in Case number 2:21-CR-82-SMJ unless Defendant breaches this plea agreement. This is based upon Defendant already having pled guilty to 1st Degree Unlawful Possession of a Firearm and having been sentenced in Spokane County Superior Court under case number 20-1-04341-32.

(b). Not to File Additional Charges:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring any additional charges against Defendant based upon information in its possession at the time of this Plea Agreement and arising out of Defendant's conduct involving illegal activity charged in the Indictments 2:21-CR-82-SMJ, and 2:21-CR-83-SMJ, or learned of as a result of this investigation, unless Defendant breaches this Plea Agreement any time before sentencing.

7. United States Sentencing Guideline Calculations:

Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter USSG) are applicable to this case and that the Court will determine Defendant's applicable sentencing guideline range at the time of sentencing.

(a). Base Offense Level:

The paries agree that the base offense level for Manufacturing Counterfeit Obligations of the United States is 9 (nine). *See* USSG §2B5.1(a).

(b). Specific Offense Characteristics:

The United States and Defendant agree that that only the following specific offense characteristics or enhancements under the Guideline apply:

i. USSG §2B5.1(b)(1)(B) and USSG §2B1.1(b)(1)(C)

adds 4 (four) levels because the face value of the counterfeit exceeds $15,000 but is less than $40,000; and

ii. USSG §2B5.1(b)(2)(A) adds 2 (two) levels because Defendant manufactured counterfeit currency.

The parties agree that no other specific offense characteristics or adjustments apply or will be sought (other than acceptance of responsibility).

(c). Acceptance of Responsibility:

If Defendant pleads guilty and demonstrates a recognition and an affirmative acceptance of personal responsibility for the criminal conduct; provides complete and accurate information during the sentencing process; does not commit any obstructive conduct; accepts this Plea Agreement; and enters a plea of guilty no later than the next Pre-Trial Conference, the United States will move for a 2 (two) level downward adjustment in the offense level for Defendant's acceptance of responsibility, pursuant to USSG §3E1.1(a).

Defendant and the United States agree that the United States, may at its option and upon written notice to Defendant, not recommend a 2 (two) level downward reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for or possess any illegal controlled substance.

(d). Criminal History:

The United States and Defendant understand that Defendant's criminal history computation is tentative and that ultimately Defendant's criminal history category will be determined by the Court after review of the Presentence Investigative Report. The United States and Defendant have made no agreement and make no representations as to the criminal history category, which shall be determined after the Presentence Investigative Report is completed.

8. Length of Imprisonment:

The United States will recommend the high end of the applicable sentencing guideline range as determined by the Court. The United States will further recommend that the sentence run consecutive to the sentence imposed in Spokane County Superior Court case number 20-1-04341-32.

Defendant can recommend any lawful sentence he feels is appropriate.

9. Criminal Fine:

The parties are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

10. Restitution:

Defendant agrees to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A and 3664 to any victims who received and had a financial loss based upon counterfeit currency he manufactured. With respect to restitution, the United States and Defendant agree to the following:

a. Restitution Amount and Interest

Defendant hereby stipulates and agrees to an order of restitution in the amount in an amount no greater than $3,686.00. The exact amount shall be determined by the Court at sentencing. The interest on this restitution amount should be waived.

b. Payments

The United States and Defendant agree that if the Court imposes restitution, the Court will set a restitution payment schedule based on Defendant's financial circumstances. *See* 18 U.S.C. § 3664(f)(2), (3)(A). Defendant agrees to pay not less than 10% of his net monthly income towards any restitution obligation.

c. Treasury Offset Program and Collection

Defendant understands that the Treasury Offset Program ("TOP") collects delinquent debts owed to federal agencies. If applicable, the TOP may take part or all of Defendant's federal tax refund, federal retirement benefits, or other federal benefits

and apply these monies to Defendant's restitution obligations. *See* 26 U.S.C. § 6402(d); 31 U.S.C. § 3720A; 31 U.S.C. § 3716.

Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure a restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. *See* 18 U.S.C. §§ 3572, 3613, and 3664(m). Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

d. Notifications

Defendant agrees to notify the Court and the United States of any material change in his economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect his ability to pay restitution. *See* 18 U.S.C. § 3664(k). This obligation ceases when the restitution is paid-in-full.

Defendant agrees to notify the United States of any address change within 30 days of the change. *See* 18 U.S.C. § 3612(b)(F). This obligation ceases when the restitution is paid-in-full.

11. Supervised Release:

The parties agree to recommend that the Court impose a three (3) year term of supervised release, to include the following special conditions, in addition to the standard conditions of supervised release:

(1) that Defendant's person, residence, office, vehicle, and belongings are subject to search at the direction of the Probation Office upon a finding of reasonable suspicion and

(2) that Defendant be required to have a substance abuse evaluation and a mental health evaluation and be required to participate in treatment as determined by his probation officer; and

(3) that Defendant be required to submit to random drug testing as limited by the Court and at the direction of the Probation Office.

12. Mandatory Special Penalty Assessment:

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, at or before sentencing, pursuant to 18 U.S.C. § 3013 and shall provide a receipt from the Clerk to the United States before sentencing as proof of this payment. If Defendant lacks the financial resources to pay the mandatory special penalty assessment or any other monetary obligations imposed by the Court before sentencing, then Defendant agrees to earn the money to pay toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

13. Judicial Forfeiture / Abandonment

Defendant, JOHNATHAN DANIEL D'AUTEUIL, agrees to voluntarily forfeit and relinquish all right, title, and interest in the assets identified in the Bill of Particulars and listed herein, to the United States, and hereby agrees to execute any and all forms and pleadings necessary to effectuate such forfeiture of assets, including, but not limited to, the following list:

U.S. Currency
$1,440.00 U.S. currency;

Pattern Notes
Three (3) genuine $100 Federal Reserve Notes used as pattern notes, serial numbers: LB83980331D, LF65536463I and PJ00146470A;

Personal Property

1. Black & Silver Epson Scanner;
2. Black Cannon Pixma Printer, Serial No.: ACWU25613;
3. Black Aurora Paper Shredder, Serial No.: AS662C;
4. White HP Desk Jet Printer, Serial No.: CN7CQ28B5K;
5. Black Cannon Pixma Printer, Serial No.: KMNK12671;
6. Grey Epson Printer/Word Processer, FX-2190, Serial No.: FCTY019536;
7. Black Toshiba laptop, Serial No.: 98211437Q;

8. Red and Black Acer laptop, Serial No.: LUS700D1419413ACAE1601;
9. Silver HP tablet and a keyboard in a black carrying case;
10. Black RCA laptop;
11. Silver and Black Generic Micro USB Drive, Serial No.: LZ0C3Z9A;
12. Black Sabrent USB Adapter;
13. Black Power cord; and a,
14. Red and Black Intel Nextbook tablet, Serial No.: YFGV0417064226.

Defendant stipulates that he is the sole owner of the assets identified above and that no one else has an interest in the assets.

Defendant acknowledges the following: 1) the assets listed above are subject to forfeiture pursuant to 18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 492, and 28 U.S.C. § 2461(c); 2) the assets listed above constitute proceeds or property derived from proceeds obtained from the violation of 18 U.S.C. § 471; 3) that this property represents all counterfeits of any coins or obligations or other securities of the United States or of any foreign government; 4) that these articles, devices, and other things made, possessed, or used were in violation of 18 U.S.C. § 471; and 5) that the materials or apparatuses used or fitted, or intended to be used, in the making of such counterfeits, articles, devices, or things used were used to commit or to facilitate the violation of 18 U.S.C. § 471, as alleged in Count 1 of the Indictment to which Defendant is pleading guilty. Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States, and to testify truthfully in any forfeiture proceeding.

Defendant agrees to hold all law enforcement agents/officers, and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure and forfeiture of any asset covered by this agreement.

Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets he is agreeing to forfeit.

Defendant further agrees to waive all constitutional, equitable and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives Defendant's right to a jury trial on the forfeiture of the assets. Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

Abandonment

Defendant, JONATHAN DANIEL D'AUTEUIL, agrees to abandon to the United States Secret Service (USSS), the following listed assets:

- an Industria Armi Galesi Brescia, Brev. Model 9, 7.65 Browning (.32 ACP) caliber pistol, bearing serial number 200362;
- a Smith & Wesson, model M&P 40, .40 caliber pistol bearing serial number HAR0648;
- three (3) rounds of .40 caliber ammunition marked with head stamp "WIN 40 S&W;"
- twelve (12) rounds of .40 caliber ammunition marked with head stamp "AMMO INC 40 S&W;" and,
- eight (8) rounds of .380 caliber ammunition, marked with head stamp "RP 380 Auto".

Defendant agrees to take all steps as requested by the United States and USSS to effectuate the abandonment of the firearms and ammunition to USSS and hereby agrees to execute any and all forms and pleadings necessary to effectuate such abandonment. Defendant consents to the disposal, including destruction, of the firearms and ammunition.

Defendant waives any right he might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that USSS might take, in its sole discretion, to carry out the abandonment, disposition, and

destruction of the firearms and ammunition. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the firearms and ammunition, including any such claim for attorney fees and litigation costs.

14. Additional Violations of Law Can Void Plea Agreement:

The parties agree that the United States may, at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, prior to the imposition of sentence, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any unlawful controlled substance or possesses any unlawful controlled substance.

15. Appeal Rights:

In return for the concessions that the United States has made in this Plea Agreement, Defendant agrees to waive his right to appeal the convictions and sentence, provided the Court does not sentence Defendant above the high end of the applicable guideline range (and orders the sentence to run consecutively).

Defendant further expressly, waives his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel, based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence. Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction on the Indictment be dismissed, set aside, vacated, or reversed, this Plea Agreement shall become null and void; the United States may move to reinstate the Indictments in case numbers 2:21-CR-82-SMJ, and 2:21-CR-83-SMJ; seek a *Petite Policy* waiver in case number 2:21-CR-82-SMJ; and the United States may prosecute Defendant on all available charges involving or arising from his participation in criminal conduct under federal law. Nothing in this Plea Agreement shall preclude the

United States from opposing any post-conviction motion for a reduction of sentence or other attack of the conviction or sentence, including, but not limited to, proceedings pursuant to 28 U.S.C. § 2255 (writ of habeas corpus).

16. Waiver of Attorney Fees and Costs:

Defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105- 119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

17. Integration Clause:

The parties acknowledge that this document constitutes the entire Plea Agreement between the parties, and no other promises, agreements, or conditions exist between the parties concerning the resolution of the case. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state or local authorities. The parties agree that this agreement cannot be modified except in a writing that is signed by both parties.

Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

Earl A. Hicks

Earl A. Hicks
Assistant U.S. Attorney

12/14/2021
Date

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

JONATHAN DANIEL D'AUTEUIL
Defendant

12-14-21
Date

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's plea of guilty.

Christina Wong
Attorney for Defendant

12/14/21
Date